NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0337n.06

Case No. 20-4022

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SILVIA MARITZA SANDOVAL, et al., | ) | **FILED**<br>Jul 14, 2021<br>DEBORAH S. HUNT, Clerk |
| Petitioners, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| MERRICK B. GARLAND, Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE: SILER, MOORE, and THAPAR, Circuit Judges.

THAPAR, J., delivered the opinion of the court in which SILER, J., joined. MOORE, J. (pp. 4–6), delivered a separate dissenting opinion.

THAPAR, Circuit Judge. Petitioner Silvia Sandoval entered the United States with her three children after a jealous woman threatened her life. Sandoval and her children applied for asylum and withholding of removal, but an Immigration Judge denied their application. The Board of Immigration Appeals affirmed. Because threats born of romantic jealousy do not establish eligibility for asylum or withholding of removal, we deny the petition for review.

I.

Silvia Sandoval is a citizen of El Salvador. She lived in El Salvador with her children and her husband, Silas. One of their neighbors, Maria, fell in love with Silas and grew jealous of his marriage. Maria wanted Silas to end his relationship with his wife, but he refused.

Maria was determined to have Silas to herself, so she started sending Silvia threatening messages. At the start, she communicated through intermediaries: She first asked a gang member to make the threats, and then she told Silvia's cousin and aunt that she would make Silvia disappear. Before long, Maria started approaching Silvia herself. She hopped over Silvia's fence and yelled that Silvia would die if she didn't let Silas go. Then she did the same thing again, but armed with a knife. Silvia filed a police report and fled to the United States with her children. Silas soon followed.

Silvia and the children applied for asylum and withholding of removal. They argued that they were persecuted because of their membership in Silas's family. Although the Immigration Judge found Silvia's testimony credible, she found that Maria was not motivated by animus against the family and denied the applications. The Board of Immigration Appeals affirmed. Silvia and her three children now petition for review.

II.

To be eligible for asylum or withholding of removal, Silvia and her children must show at least a "well-founded fear" that they would be persecuted in El Salvador because of their "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1101(a)(42)(A), 1231(b)(3)(A); *Skripkov v. Barr*, 966 F.3d 480, 492 (6th Cir. 2020). The petitioners argue that they have been persecuted because of their membership in a particular social group—that is, as members of Silas's family. The BIA assumed that kinship with Silas could constitute a protected social group (and, for purposes of review, so do we). But it found that Silvia and her children were not persecuted because of their membership in that group.

We review this finding for substantial evidence. *Zaldana Menijar v. Lynch*, 812 F.3d 491, 497 (6th Cir. 2015). That means we must accept it as "conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." *Id.* at 498 (quoting 8 U.S.C. § 1252(b)(4)(B)).

Here, the record supports the determination that Silvia "was a victim of [a] crime motivated by personal animus," not by animus against members of Silas's family. A.R. at 4. As the petitioners explain, "Maria was almost certainly jealous of Silvia and the evidence definitely points to her wanting Silvia out of the way so she could freely pursue her relationship with Silas." Pet'r Br. 12. But romantic jealousy is not a statutorily protected ground for asylum or withholding of removal. And as the Immigration Judge noted, "there appear to be no threats or any harm . . . done to any of the children whatsoever." A.R. at 62. The targeted nature of the threats is further evidence that Maria was not motivated by a desire to harm members of Silas's family. Reasonable adjudicators would not be compelled to conclude otherwise.

Thus, substantial evidence supports the BIA's finding that Silvia and her children were not persecuted because of a statutorily protected ground. For that reason, they are not eligible for asylum or withholding of removal. Their petition is denied.

KAREN NELSON MOORE, Circuit Judge, dissenting. The IJ, BIA, and the majority get the facts all right but draw all the wrong conclusions. Because the record evidence compels a finding that Silvia Maritza Sandoval showed a nexus between the persecution she experienced and her membership in her husband's nuclear family, I respectfully dissent.

The IJ aptly summarized the relevant facts of this case. Maria, a neighbor of Sandoval, "wanted to get [Sandoval] out of the way . . . so that [Maria] could take over the relationship and have [Sandoval] and her children gone from the picture." IJ Decision at 14 (Administrative Record ("A.R.") at 65). Initially, Maria had no problems with Sandoval. *Id.* at 6 (A.R. at 57). Only after Sandoval married her husband, Silas, and they had two children did Maria begin making death threats against Sandoval, especially after it became clear that Silas was not going to leave Sandoval. *Id.* at 5–6 (A.R. at 56–57); Hr'g Tr. at 25–26 (A.R. at 111–12). Maria essentially wanted to dismantle the Sandoval family, so that Maria alone could be with Silas. Maria began persecuting Sandoval in an effort to accomplish this goal. Maria verbally and physically threatened Sandoval. IJ Decision at 4–5 (A.R. at 55–56). She also sent death threats through Sandoval's family members and enlisted a local gang member to threaten Sandoval. *Id.*

Where the majority and I part ways is on what these facts actually mean. The IJ, BIA, and majority consider Maria's persecution of Sandoval to be motivated solely by personal animus against Sandoval. I believe, however, that these facts clearly compel us to conclude that personal animus alone did not motivate Maria to target Sandoval. Maria also persecuted Sandoval because of her membership in Silas's family.

Asylum seekers must demonstrate that they were "persecuted *on account of* or *because of*" their membership in a protected category, such as a particular social group. *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004). Although a persecutor may have multiple, or "mixed," motives,

*id.* at 988 n.10, with respect to asylum claims, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be *at least one central reason* for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i) (emphasis added).[1] Applicants cannot rely "*solely*" on "personal matters" to show that they were persecuted because of their membership in a protected category. *Zoarab v. Mukasey*, 524 F.3d 777, 781 (6th Cir. 2008) (emphasis added). If, however, "there is a nexus between the persecution and the membership in a particular social group, the simultaneous existence of a personal dispute does not eliminate that nexus." *Bi Xia Qu v. Holder*, 618 F.3d 602, 608 (6th Cir. 2010).

Although Maria had a personal dispute with Sandoval, that dispute was inextricably intertwined with Sandoval's membership in Silas's nuclear family.[2] But for Sandoval's unique relationship with Silas, her status as his wife and the mother of his children, Maria would not have targeted her. The IJ explicitly determined that Maria's goal was more than simply being in a romantic relationship with Silas; she wanted to remove Sandoval and her children from their family home, so that Maria alone could be with Silas. IJ Decision at 14 (A.R. at 65). The record clearly demonstrates that Maria did not just hate Sandoval or simply desire Silas. Her goal was to break up the nuclear Sandoval family as it currently existed. If Sandoval renounced her husband, took her children, and left their family home, then she would be safe. *See Al-Ghorbani v. Holder*,

---

[1] The BIA also affirmed the IJ's denial Sandoval's withholding-of-removal claim based on a failure to establish a nexus "between the harm she fears and one of the five protected grounds." BIA Decision at 2 (A.R. at 4). "[A]pplicants for withholding of removal under 8 U.S.C. § 1231(b)(3) must demonstrate that a protected ground was *at least one reason* for their persecution." *Guzman-Vazquez v. Barr*, 959 F.3d 253, 274 (6th Cir. 2020) (emphasis added). We have held that the withholding statute's "a reason" is a weaker burden of proof than the asylum statute's "a central reason." *Id.* at 272. Because I believe that the record clearly compels a finding that Sandoval's familial status was "a central reason" for her persecution for purposes of her asylum claim, she has necessarily established that her familial status was also "a reason" for her persecution for purposes of her withholding-of-removal claim.

[2] This circuit and several others have recognized that membership in the same family constitutes a cognizable social group that can serve as a protected category. *See Al-Ghorbani v. Holder*, 585 F.3d 980, 995 (6th Cir. 2009) (collecting cases).

585 F.3d 980, 997 (6th Cir. 2009) ("Persecution is defined as 'the infliction of harm or suffering by the government, or persons the government is unwilling or unable to control, to overcome a characteristic of the victim.'" (quoting *Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009))).

The IJ's and BIA's conclusion that this was solely a personal dispute rests on "an excessively narrow reading of the requirement that persecution be undertaken 'on account of membership in a nuclear family.'" *Hernandez-Avalos v. Lynch*, 784 F.3d 944, 949 (4th Cir. 2015). To argue that Maria targeted Sandoval because she was keeping Silas from leaving their family and not because she was Silas's wife and the mother of his two children draws too fine a distinction between persecution "on account of membership in a nuclear family" and a purely personal vendetta than logic can tolerate. Sandoval's enduring relationship with her husband and fundamental position in Silas's family was the reason that Sandoval, and no one else, was targeted. *See id.* at 950. Thus, it is unreasonable to conclude that Sandoval's familial status is not at least one central reason for her persecution. *See Portillo Flores v. Garland*, --- F.4th ----, No. 19-1591, 2021 WL 2655334 at *8–9 (4th Cir. 2021) (en banc) (finding that nexus existed when a local gang persecuted the petitioner because the gang leader wanted to date the petitioner's sister); *Gonzalez Ruano v. Barr*, 922 F.3d 346, 353–56 (7th Cir. 2019) (finding that nexus existed when a local gang persecuted the petitioner because the gang leader wanted the petitioner's wife); *see also Enamorado-Rodriguez v. Barr*, 941 F.3d 589, 596–97 (1st Cir. 2019) (finding that nexus existed because the petitioner's paternal grandparents persecuted him because of his relationship to his mother whom they hated). Because the record clearly compels the conclusion that Sandoval was persecuted due to her status as Silas's wife and the mother of his children, I respectfully dissent. I would remand the case back to the BIA to determine if Sandoval has established the other required elements for her asylum and withholding-of-removal claims.